IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ADIDAS AMERICA, INC.**, and Oregon corporation, and **ADIDAS AG**, a foreign entity,<br><br>Plaintiffs,<br><br>v.<br><br>**HALL OF FAME SPORTS MEMORABILIA, INC.**, a Delaware corporation,<br><br>Defendant. | Case No. 3:24-cv-02120-AR<br><br>**OPINION AND ORDER ADOPTING FINDINGS & RECOMMENDATION** |

Daniel P. Larsen, Buchalter LLP, 805 SW Broadway, Suite 1500, Portland, OR 97205. Charles H. Hooker, III & R. Charles Henn, Jr., Kilpatrick Townsend & Stockton LLP, 1100 Peachtree Street, NE, Suite 2800, Atlanta, GA 30309. Attorneys for Plaintiffs.

Kathleen Carroll Bricken, Foster Garvey P.C., 121 SW Morrison Street, 11th Floor, Portland, OR 97204. Russell Scarritt Jones, Jr., Polsinelli PC 900 W. 48th Place, Suite 900, Kansas City, MO 64112. Attorneys for Defendants.

**IMMERGUT, District Judge.**

In this trademark infringement case, Plaintiffs adidas America, Inc. and adidas AG (collectively, "Adidas") allege that Defendant Hall of Fame Sports Memorabilia, Inc. sold soccer jerseys that infringed Adidas's "Three-Stripe" trademark. Hall of Fame filed a motion to dismiss

PAGE 1 – OPINION AND ORDER ADOPTING FINDINGS & RECOMMENDATION

Adidas's claims under Federal Rule of Civil Procedure 12(b)(6), ECF 29, and Judge Armistead issued a Findings and Recommendation ("F&R"), ECF 48, recommending that this Court grant in part and deny in part Hall of Fame's motion to dismiss. *Id.* at 2. The F&R denied the motion with respect to Adidas's trade dress infringement and trademark dilution claims under the Lanham Act and state law. *Id.* at 18–24. However, the F&R granted the motion with respect to Adidas's trademark infringement and counterfeiting claims under the Lanham Act. *Id.* at 10–18.

Adidas filed Objections to the F&R ("Objections"), ECF 50, arguing that the F&R erred in dismissing its federal trademark infringement and counterfeiting claims "for at least five reasons." *Id.* at 2. Hall of Fame did not object to the F&R, but Hall of Fame responded to Adidas's Objections.[1] Responses to Objections ("Responses"), ECF 51. For the reasons stated below, this Court ADOPTS IN FULL the F&R and GRANTS IN PART and DENIES IN PART Hall of Fame's Motion to Dismiss, ECF 29. This Court DISMISSES WITH LEAVE TO AMEND Adidas's trademark infringement and counterfeiting claims under the Lanham Act (Claims 1 and 2 in the Amended Complaint) and otherwise denies the Motion to Dismiss.

## STANDARDS

Under the Federal Magistrates Act ("Act"), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any

---

[1] Adidas also filed a reply brief in support of its objections, ECF 53. Hall of Fame is correct that Federal Rule of Civil Procedure 72 does not authorize a reply brief absent permission from the Court. However, because Adidas's reply brief does not affect this Court's adoption of Judge Armistead's F&R, this Court takes notice of the arguments contained in the reply brief.

other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a claim based on "failure to state a claim upon which relief can be granted." To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts "accept as true all well-pleaded allegations of material fact," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010), and "examine the allegations of the complaint as a whole." *Khachatryan v. Blinken*, 4 F.4th 841, 854 (9th Cir. 2021).

## DISCUSSION

To prevail on a trademark infringement claim, a plaintiff "must show that: (1) it has a valid, protectable trademark, and (2) that [the defendant's] use of the mark is likely to cause confusion." *Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 969 (9th Cir. 2007). "Federal trademark registration is not a prerequisite for protection under the Lanham Act," and "'the same standard applies to both registered and unregistered trademarks.'" *Lahoti v. Vericheck, Inc.*, 586 F.3d 1190, 1196–97 (9th Cir. 2009) (quoting *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1204 n.3 (9th Cir. 2000)). However, it is important to distinguish the statutory basis for claims based on registered marks and claims based on unregistered marks under the Lanham Act.

As the Ninth Circuit explained, 15 U.S.C. § 1114 "covers *only* registered marks." *GoTo.com*, 202 F.3d at 1204 n.3 (emphasis added). This is in contrast to 15 U.S.C. § 1125, which "protects against infringement of unregistered marks and trade dress as well as registered marks." *Id.* The plain text of 15 U.S.C. § 1114, which requires "a registered mark," makes this

clear. *See* F&R, ECF 48 at 10. And the Lanham Act defines a "registered mark" as "a mark registered in the United States Patent and Trademark Office." 15 U.S.C. § 1127. Therefore, when a plaintiff brings a claim under 15 U.S.C. § 1114, a court "compar[es] the allegedly infringing mark to the *federally registered mark*." *Brookfield Commc'ns, Inc. v. West Coast Ent. Corp.*, 174 F.3d 1036, 1054 (9th Cir. 1999) (emphasis added). The F&R did not err in holding that Section 1114 "requires a plaintiff's registered mark as a basis for a trademark or counterfeiting claim." F&R, ECF 48 at 10. The definition of "counterfeit" under the Lanham Act confirms this requirement: "A 'counterfeit' is a spurious mark which is identical with, or substantially indistinguishable from, a *registered mark.*" 15 U.S.C. § 1127 (emphasis added). Therefore, to state a counterfeit claim with adequate specificity to put a defendant on notice, a plaintiff must allege which registered marks were counterfeited.

Because a plaintiff must allege infringement of a "federally registered mark" under Section 1114, *Brookfield*, 174 F.3d at 1054, the Amended Complaint fails to sufficiently plead a Section 1114 claim. Specifically, Adidas does not "plead[] any of its specific registered marks as a basis for the alleged counterfeiting or infringement" by Hall of Fame. F&R, ECF 48 at 10. Instead, Adidas relies on what it calls its "Three-Stripe Mark," "a unitary branding device, which is the subject of multiple registrations." Response to Motion to Dismiss, ECF 32 at 14. But the problem with pointing to the "Three-Stripe Mark" as the basis for violations of Section 1114 is that Adidas does not allege that this mark corresponds to a registered mark. F&R, ECF 48 at 13. The F&R acknowledges that "it very well may be that adidas has a plausible claim [under Section 1114] that the [Hall of Fame] jerseys infringe one or more of [Adidas's] registered marks." *Id.* at 15. "But that is not what adidas pleads," *id.*, and that is what Adidas must plead to

state a claim under Section 1114. And regarding Adidas's counterfeit claim in particular, Adidas does not allege counterfeiting of any registered mark. Amended Complaint, ECF 27 ¶¶ 84–90.

Adidas's five counterarguments are unavailing. *First*, Adidas argues that "the Three-Stripe Mark is a single mark and satisfied all the pleading requirements of § 1114." Objections, ECF 50 at 6. This Court agrees with Adidas that "whether the Three-Stripe Mark is one mark or many is simply irrelevant to whether adidas has stated a claim under § 1114." *Id.* at 4. But Judge Armistead also agreed, noting the issue is not "whether the 'Three-Stripe Mark' is a single mark derived from multiple registrations or the 'Three-Stripe Mark' is the source of adidas's many registrations." F&R, ECF 48 at 14. Rather, the F&R makes clear that the reason Adidas did not satisfy all the pleading requirements of Section 1114 is "the text of § 1114 itself," which requires "a registered mark [as] the comparator for trademark infringement or counterfeiting." *Id.*

*Second*, Adidas argues that "[e]ven if the Three-Stripe Mark's status as one mark or many were relevant to whether the [Amended Complaint] states a claim under § 1114, the F&R's finding on that issue was an improper finding of fact on a motion to dismiss." Objections, ECF 50 at 7. But as Hall of Fame correctly counters, Adidas "mischaracterizes Judge Armistead's ruling," which never made such a finding of fact. Responses, ECF 51 at 12–13. In context, the F&R's statement that the Three-Stripe Mark "is not identical to the graphic design marks in adidas's registrations" is just another way to say that the Three-Stripe Mark does not correspond to any registered mark(s) listed in the Amended Complaint. F&R, ECF 48 at 14; *see* Response to Motion to Dismiss, ECF 32 at 14 (describing the Three-Stripe Mark not as a registered mark but as a "a unitary branding device, which is the subject of multiple registrations"). As discussed above, the F&R's dismissal of Adidas's Section 1114 claims hinges on Adidas's failure to plead which registered marks were infringed or counterfeited by Hall of Fame, not on any factual

PAGE 5 – OPINION AND ORDER ADOPTING FINDINGS & RECOMMENDATION

finding. That explains why Judge Armistead granted Adidas "leave to amend with registered marks as the basis for its § 1114 infringement and counterfeiting claims." F&R, ECF 48 at 18.

*Third* and relatedly, Adidas contends that "the F&R applied the wrong standard in determining whether iterations of the Three-Stripe Mark constitute the same mark." Objections, ECF 50 at 7 (citation modified). Adidas misconstrues the F&R. Adidas notes that "the Ninth Circuit has held (in the context of tacking and priority of rights) that two marks are 'legal equivalents' or 'the same' as long as 'each conveys the same commercial impression' to ordinary purchasers." Objections, ECF 50 at 8 (quoting *Hana Fin., Inc. v. Hana Bank*, 735 F.3d 1158, 1163–64 (9th Cir. 2013)); *see Hana Fin.*, 735 F.3d at 1160 ("Tacking allows a party to 'tack' the date of the user's first use of a mark onto a subsequent mark to establish priority where the two marks are so similar that consumers would generally regard them as being the same."). But tacking is not at issue in this case, let alone the basis of the F&R's dismissal of the Section 1114 claims. The F&R did not hold that "Adidas must prove that its 'Three-Stripe Mark' is equivalent to its registered marks," whether under the standard for tacking or some other standard. Responses, ECF 51 at 15. As noted above, the F&R simply held that Adidas "must identify *which* particular registered mark(s) Adidas alleges [Hall of Fame] to have infringed." *Id.* (emphasis in original). The "Amended Complaint does not do so," *id.*, so dismissal is proper.

*Fourth*, Adidas asserts that "the F&R purports to require [A]didas to separately identify each *registration* that has allegedly been infringed under the statute." Objections, ECF 50 at 9 (emphasis in original). The F&R does no such thing. Contrary to Adidas's argument that "the F&R conflates the term 'registered mark' in § 1114 with 'registration,'" *id.* at 3, the F&R clearly and correctly concludes that under Section 1114, "a *registered mark* is the comparator for trademark infringement or counterfeiting." F&R, ECF 48 at 14 (emphasis added); *see also id.* at

PAGE 6 – OPINION AND ORDER ADOPTING FINDINGS & RECOMMENDATION

13 (recognizing Section 1114's "express requirement that a registered mark serves as the comparator for infringement"). Moreover, this requirement is not in tension with the rule that "marks must be considered in their entirety and as they appear in the marketplace." *Brookfield*, 174 F.3d at 1054; *see* Objections, ECF 50 at 10. In *Brookfield*, the Ninth Circuit also stated that assessing a Section 1114 trademark infringement "begin[s] by comparing the allegedly infringing mark to the federally registered mark." *Brookfield*, 174 F.3d at 1054. Therefore, Section 1114 requires *both* that the plaintiff's mark be registered and that the plaintiff's mark and the allegedly infringing mark be compared "in their entirety and as they appear in the marketplace." *Id.* (citation modified).

*Fifth*, Adidas contends that "the F&R contradicts overwhelming authority." Objections, ECF 50 at 11 (citation modified). With respect to the Ninth Circuit's decision in *adidas America, Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 752 (9th Cir. 2018), the claims at issue on appeal did not "concern[] § 1114 trademark infringement or counterfeiting of *registered marks*." F&R, ECF 48 at 12 (emphasis in original). As Judge Armistead found, "for purposes of [A]didas's claim [in this litigation] that assert infringement or dilution of an *unregistered* mark or trade dress" under Section 1125, "pleading the Three-Stripe Mark is sufficient." *Id.* (emphasis in original). But as to Adidas's Section 1114 claims, pleading the Three-Stripe Mark is insufficient, as discussed above. With respect to the district court decisions that reached contrary conclusions to the F&R, this Court finds these decisions unpersuasive because they do not grapple with the plain statutory text that requires infringement or counterfeiting of registered marks. *See id.* at 13–14 (disagreeing with *adidas America, Inc. v. Thom Browne Inc.*, 599 F. Supp. 3d 151 (S.D.N.Y. 2022)).

In sum, both trademark infringement and counterfeiting claims under Section 1114 require Adidas to allege that Hall of Fame infringed and counterfeited one or more of Adidas's registered trademarks. Adidas fails to do so in its Amended Complaint, and therefore, this Court adopts the F&R's recommendation to dismiss the Section 1114 claims with leave to amend.

## CONCLUSION

Judge Armistead's Findings and Recommendation, ECF 48, is ADOPTED IN FULL. Hall of Fame's Motion to Dismiss, ECF 29, is GRANTED IN PART and DENIED IN PART. This Court DISMISSES WITH LEAVE TO AMEND the trademark infringement and counterfeiting claims under 15 U.S.C. § 1114 in Adidas's Amended Complaint, ECF 27. Any amended complaint is due thirty (30) days from the issuance of this Opinion and Order.

**IT IS SO ORDERED**.

DATED this 18th day of May, 2026.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge